*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed**
**Supreme Court**
**SCWC-21-0000283**
**17-MAR-2023**
**11:52 AM**
**Dkt. 28 MO**

SCWC-21-0000283

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

IN THE INTEREST OF JB

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000283; FC-S NO. 17-00089)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, and Eddins, JJ.,
and Wilson, J., dissenting[1])

The Department of Human Services (DHS) and Resource Caregivers (RCGs) appeal from the Intermediate Court of Appeals' (ICA) judgment on appeal vacating the Family Court of the First Circuit's order terminating a father's parental rights.

The ICA found that the family court structurally erred when it discharged Father's counsel during ongoing Child Protective Act (CPA) proceedings. The ICA ordered a new trial.

We reverse.

---

[1]     Justice Wilson's dissent is forthcoming.

**I.**

DHS petitioned for temporary foster custody of a child, JB, in May 2017.  The court immediately appointed counsel for the child's parents.  Father and counsel appeared at the first two CPA hearings.  Then Father stopped participating in the case.

After Father failed to appear at a required hearing, the family court entered default against him.  Counsel, however, remained on the case.  Five months later, Father failed to appear at another hearing.  The court continued Father's default and discharged his counsel.[2]

In July 2019, DHS moved to terminate parental rights (TPR). Before filing its TPR motion, DHS notified Father of its intention to move to terminate his parental rights.  Father expressed disinterest; he refused to participate in the case.[3]

Trial on DHS's TPR motion began in February 2021.  Mother, who had participated throughout the CPA proceedings, appeared with her counsel.  But Father did not show.  He had not appeared

---

[2]     The Honorable Jeffrey A. Hawk entered the default against Father on November 2, 2017.  The Honorable Brian A. Costa discharged Father's counsel on April 17, 2018.

[3]     Father had reported to DHS that he obtained a temporary restraining order (issued on June 21, 2017 and set to expire on June 21, 2020) against Mother and that he was concerned about his safety.  When DHS informed Father about the upcoming TPR motion, he said that he would not get involved in the case.  DHS told Father that it would try to place JB with his maternal grandfather; Father liked this proposed placement, preferring that JB not be placed with strangers.

in family court since July 2017.  The family court continued the entry of default against Father.[4]

On the fifth and final day of trial, Father – after nearly four years – showed up in family court.  So did his lawyer.[5]

Counsel asked the court to set aside Father's default, postpone the trial, and give Father the opportunity to challenge DHS's TPR motion.  After counsel argued to set aside the default, Father had an opportunity to address the court.  The court asked Father why he had failed to show up to court over the past several years.  Father replied: "there was complications in the case before" due to his hostile relationship with Mother.  He further explained that he was "trying . . . [to] let everything settle" and he was "under the impression that [JB's maternal] grandfather was going [to get] custody" of JB.

The court denied the motion to set aside the default and excused Father's counsel.  The court explained that a few years back, it "gave . . . an extra five months or so to [Father] and [his counsel] to try and re-establish contact."  It also observed "[t]his case has been ongoing with no input from

---

[4]    The court made the same finding on each day of trial.  The Honorable Andrew T. Park presided over the TPR trial.

[5]    Father had called the family court and asked about the case.  Staff advised Father about the next day's court hearing.  The court reappointed his counsel.

father."  The court pointed out that Father had missed over 29 hearings between November 2017 and April 2021.

Thus, the court concluded Father did not show good cause to support his motion to set aside the entry of default.  See Chen v. Mah, 146 Hawai'i 157, 457 P.3d 796 (2020).  The court explained that it "was well grounded in making that determination in denying father's motion to set aside his default after his . . . [over] three years of absence in the case and his lack of participation in not only the case, in visitation, or contact with the child, contact with the department, or services."

The court granted DHS's motion and terminated Father's parental rights.  The court made the necessary findings under Hawai'i Revised Statutes (HRS) § 587A-33(a) (2018).  It filed an order terminating parental rights and letters of permanent custody on April 5, 2021.

Father appealed.  He argues the discharge of counsel constituted structural error.

The ICA agreed.  Because the court had discharged counsel during the CPA proceedings, the ICA concluded that structural error happened.  The ICA vacated the TPR order and remanded the case.

We accepted DHS's and RCGs' applications for certiorari.

4

**II.**

We hold that Father received a fundamentally fair trial.

This court recently addressed what happens after a court appoints counsel at the start of Child Protective Act proceedings and later discharges counsel due to a parent's deliberate failure to appear in court.  In the Interest of JH, No. SCWC-21-0000316, 2023 WL 2518743 (Haw. Mar. 15, 2023), held that our case law "do[es] not require automatic reversal for structural error when an indigent parent is not from start to finish represented by court-appointed counsel in CPA proceedings."  Id.

Instead, a fundamental fairness test applies to determine whether parents received due process before their parental rights terminated.  "There is no violation of a parent's due process right to counsel when a family court discharges and later reappoints counsel, and the case, viewed in its entire context, establishes that the parent received a fundamentally fair trial and the family court accurately determined that parental rights should terminate."  JH, No. SCWC-21-0000316, 2023 WL 2518743, at \*6.

Here, the court timely appointed Father counsel.  After Father was defaulted for failure to appear, his counsel remained in the case.  Only when Father failed to show at the next hearing five months later did the court discharge his attorney.

And once Father contacted the family court after nearly four years of disinterest and no participation, the court reappointed his counsel.

When Father resurfaced in the case, the court gave him an opportunity to set aside his default. Father addressed the court. Counsel argued on his behalf. Because Father did not show good cause to support his belated request, the family court denied his motion and continued the default. The court did not err. See JH, No. SCWC-21-0000316, 2023 WL 2518743, at *5 n.9 (noting that "if a parental rights case nears its end, then a court may use its discretion - after it provides a parent a fair process - to refuse a parent's request to set aside a default").

Then, before it terminated Father's parental rights, the court confirmed compliance with the Child Protective Act. It found "by clear and convincing evidence that it is not reasonably foreseeable that . . . father in this case will become willing and able to provide [JB] with a safe family home, even with the assistance of a service plan, within a reasonable period of time." See HRS § 587A-33(a)(2). The record contains substantial evidence to support the family court's HRS § 587A-33(a) termination of parental rights ruling.

**III.**

We reverse the ICA's judgment on appeal filed on April 12, 2022.  The Family Court of the First Circuit's April 5, 2021 Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawaiʻi, March 17, 2023.

| | |
|---|---|
| Francis T. O'Brien<br>(Brett A. Ritter on the briefs)<br>for petitioners Resource<br>Caregivers | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Kellie M. Kersten<br>(Julio C. Herrera, Patrick A.<br>Pascual, Erin K. Torres on the<br>briefs)<br>for petitioner Department of<br>Human Services | /s/ Sabrina S. McKenna<br><br>/s/ Todd W. Eddins |
| Emily E.M. Hills<br>for Guardian Ad Litem | |
| Clint K. Hamada and<br>Herbert Y. Hamada<br>for respondent | |

